**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00566-DSC**

| | | |
|---|---|---|
| **SENTARIA HARRIS TOBIAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #16) and Defendant's "Motion for Summary Judgment" (document #18), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. <u>PROCEDURAL HISTORY</u>

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on October 14, 2020. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity.[1] Specifically she assigns error to the ALJ's evaluation of the opinions from Dr. Scott E. Whitman and psychiatric mental health nurse practitioner Aislinn Ojeda. She also assigns error to the ALJ's evaluation of her mental impairments and subjective complaints and symptoms. See Plaintiff's "Memorandum ..." at 4-22 (document #17).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ engaged in a thorough discussion of the medical records (Tr. 19-26) and utilized the "paragraph B criteria" to evaluate Plaintiff's alleged mental impairments (Tr. 20-21). The ALJ's decision includes a well-reasoned credibility analysis (Tr. 21-25). The ALJ properly discounted opinions from Dr. Whitman and Ms. Ojeda and found that the State agency medical and psychological experts' opinions were more persuasive.[3] (Tr. 25-26). The ALJ's applied the correct legal

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[3]For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical

standards in formulating Plaintiff's RFC. Her ultimate conclusion that Plaintiff was not disabled is supported by substantial evidence.

## III. <u>ORDER</u>

**NOW THEREFORE IT IS ORDERED:**

1.       Plaintiff's "Motion for Summary Judgment" (document #16) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2.       The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: July 13, 2021

_David S. Cayer_
David S. Cayer
United States Magistrate Judge

---

opinions. 20 C.F.R. § 404.1520c(a).  The Commissioner no longer gives specific evidentiary weight to any medical opinion. <u>Id.</u>  Rather, the Commissioner evaluates medical opinions by weighing multiple factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).